## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ESTELA MARTIN,                                          CASE NO.: 1:21-cv-20889

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

### DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant WAL-MART STORES EAST, LP ("Defendant"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2021-002172-CA-01 with full reservation of rights, exceptions and defenses, and in support thereof state:

### I.     FACTUAL BACKGROUND

1. On or about January 29, 2021, Plaintiff commenced this action by filing a Complaint against Wal-Mart, Inc. in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. *See* **Exhibit A**.

2. The Complaint was served on February 4, 2021. *See* **Exhibit B**.

3. On February 10, 2021, Plaintiff filed an Amended Complaint naming the correct Defendant, Wal-Mart Stores East, LP. *See* **Exhibit C**.

4. On February 11, 2021, Wal-Mart Stores East, LP filed its Answer and Affirmative Defenses to the Amended Complaint.

CASE NO.: 1:21-cv-20889

5. Plaintiff alleges a claim for negligence against Defendant as a result of injuries she allegedly sustained on June 13, 2020 while on the property located at 15885 SW 88th Street, Miami, Florida. *See* Ex. C at ¶5.

6. Specifically, Plaintiff alleges that she was "attempting to get a shopping cart in the area where the carts are store for customer use. Ms. Martin pulled a shopping cart so as to separate it from the rest for her use. Ms. Martin could not separate the cart. Ms. Martin proceeded to pull harder on the handle of the cart and suddenly the cart became loose and her body went quickly backwards. As a result, Ms. Martin hit her head and body against a roll up garage door/door [sic] that was not properly opened." *Id*. at ¶6.

7. Plaintiff alleges that Defendant breached its duty by (a) negligently allowing an unsafe condition to exist, (b) creating an unsafe condition, (c) failing to maintain the area in a safe condition, (d) failing to correct a defect, (e) failing to warn or give Plaintiff notice , (f) failure to correct the dangerous condition, (g) allowing the dangerous condition to exist for an unreasonable length of time, (h) failing to warn of the unsafe condition and (i) failing to provide a safe cart storage area where customers can safely obtain carts. *Id.* at ¶12.

8. Plaintiff alleges that she is a resident of Miami-Dade County, Florida. *Id.* at ¶2.

9. On February 17, 2021, Plaintiff sent undersigned counsel a demand letter which indicated that she suffered injuries to her head, neck and back. Based on Plaintiff's alleged injuries and medical bills incurred, Plaintiff offered to settle the claim for $150,000.00. *See* Demand Letter attached as **Exhibit D**.[1]

---

[1] Defendant has not filed the entire complement of medical records which Plaintiff submitted with her demand letter in order to protect her personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Defendant will provide them for an *in camera* inspection.

CASE NO.: 1:21-cv-20889

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

11. Defendant attaches and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit in and for Miami-Dade County together with a docket sheet from the Clerk of the Court. *See* Composite **Exhibit E**.

12. Defendant reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13. In accordance with 28 U.S.C. § 1446(b)(1), Defendant files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's original Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on February 4, 2021 when Defendant was served with a copy of the Complaint.

14. Plaintiff sent Defendant a written demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with the alleged June 13, 2020 incident.

15. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial District in and for Miami-Dade County, where Plaintiff filed the state court Complaint is located in Miami-Dade County Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00,

CASE NO.: 1:21-cv-20889

exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of Plaintiff ESTELA MARTIN

17. Plaintiff is a resident of Miami-Dade County, Florida. *See* Ex. A at ¶2. Although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

18. Here, Plaintiff alleges that she is a resident of Miami-Dade County, Florida. *See* Ex. C at ¶2. Plaintiff's Miami-Dade County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B. Citizenship of WAL-MART STORES EAST, LP

19. At the time of the alleged incident, and currently, Walmart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, LP, or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Exhibit F**.

### IV. AMOUNT IN CONTROVERSY

20. The amount in controversy exceeds $75,000.00. Although Plaintiff's Amended Complaint does not specify an amount in controversy other than the state court $30,000.00

CASE NO.: 1:21-cv-20889

jurisdictional minimum, it is clear from Plaintiff's demand letter that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

23. The relevant portions of Plaintiff's itemized and specifically detailed demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Plaintiff's February 17, 2021 demand letter estimates damages in the instant matter to

CASE NO.: 1:21-cv-20889

be at least $150,000.00. *See* Ex. D. In addition to Plaintiff's alleged medical condition, the Amended Complaint alleges damages for (a) loss of earnings and earning capacity, (b) physical and mental pain and suffering, (c) aggravation of pre-existing condition, (d) future medical expenses and (e) loss of capacity of enjoyment of life. *See* Ex. C at ¶14.

24. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

25. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

26. Here, Plaintiff's demand letter which estimates Plaintiff's damages to be $150,000.00 is an honest assessment of her claimed damages as it is based on the following:

   a. Past medical bills

   b. Future medical care. *See Katz,* 2009 WL 1532129 at 4.

   c. Lost wages and earning capacity and

   d. Pain and suffering

27. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

CASE NO.: 1:21-cv-20889

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Defendant will promptly give written notice to Plaintiff, through her attorney of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Defendant WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2021-002172-CA-01, on the docket of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendant is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:  */s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893

CASE NO.: 1:21-cv-20889

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2021, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF and will send a notice of electronic filing to the following: **CARLOS OMAR GOMEZ** (COGOMEZPA@AOL.COM), LAW OFFICE OF CARLOS O GOMEZ PA *Attorneys for Plaintiff*, 102 EAST 49TH STREET, HIALEAH, FL, 33013.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO