# EXHIBIT "A"

Filing # 120412312 E-Filed 01/28/2021 12:58:33 PM

                                    IN THE CIRCUIT COURT OF THE 11TH
                                    JUDICIAL CIRCUIT IN AND FOR
                                    MIAMI DADE COUNTY, FLORIDA

                                    GENERAL JURISDICTION DIVISION

                                    CASE NO. 2021-002172-CA-01

ESTELA MARTIN

        Plaintiff,

vs.

WALMART, INC.,

        Defendant.
_____/

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, ESTELA MARTIN, by and through her undersigned counsel, and sues the Defendant, WALMART, INC., (Hereinafter "WALMART") for damages and alleges as follows:

## FACTS COMMON TO ALL COUNTS

1. This is an action for damages in excess of the sum of Thirty Thousand ($30,000.00) Dollars, exclusive of interest, costs and attorney's fees.

2. That at all times material hereto, the Plaintiff, ESTELA MARTIN, was and is sui juris and a resident of Miami-Dade County, Florida.

3. That at all times material the Defendant, WALMART, was a Florida limited liability company licensed to do, and in fact doing, business in the county of Miami-Dade County, Florida.

4. The incident which is the basis of this action occurred at 15885 S.W. 88th Street, Miami, Miami-Dade County, Florida 33196 which is owned, operated and maintained by the Defendant and venue is therefore proper in Miami-Dade County, Florida.

5. That on or about June 13, 2020, Plaintiff, ESTELA MARTIN, was an invitee and lawfully upon defendant's property at 15885 S.W. 88th Street, Miami, Miami-Dade County, Florida 33196. Plaintiff was expressly invited upon said premises as a member of the general public.

6. That on or about June 13, 2020, Plaintiff was at WALMART attempting to get a shopping cart in the area where the carts are stored for customer use. Ms. Martin pulled a shopping cart so as to separate it from the rest for her use. Ms. Martin could not separate the cart. Ms. Martin proceeded to pull harder on the handle of the cart and suddenly the cart became loose and her body went quickly backwards. As a result, Ms. Martin hit her head and body against a roll up garage door/door that was not properly opened.

## COUNT I
## CLAIM FOR NEGLIGENCE AGAINST WALMART

7. Plaintiff re-aver and re-allege each and every allegation contained within the general allegations above and further states:

8. That at all times material hereto the Defendant, WALMART, did own, operate and/or maintain, manage and have control of it's property and place of business located at 15885 S.W. 88th Street, Miami, Miami-Dade County Florida 33196.

9. That at all times material hereto the Plaintiff, ESTELA MARTIN, was an invitee on the property located at 15885 S.W. 88th Street, Miami, Miami-Dade County, Florida 33196.

10. That on or about June 13, 2020, Plaintiff was at WALMART attempting to get a shopping cart when she struck her head and body on an improperly opened rolling doorway where the shopping carts were stored for customer use.

11. At all times material hereto, the Defendant, WALMART, owed a duty to the Plaintiff, ESTELA MARTIN, and members of the general public to maintain and operate the subject premises such that same was in a reasonably safe condition and to discover dangerous conditions either caused by other persons or created by its servants, agents, or employees and to give notice to persons lawfully upon its premises.

12. That at all times material hereto, the Defendant, WALMART, their agents, servants and/or employees acting within the scope and course of employment breached its duty to the Plaintiff, ESTELA MARTIN, by one or more of the following acts of commission and/or omission:

   a. By negligently allowing an unsafe condition to exist on the property thereby causing the Plaintiff, ESTELA MARTIN, to sustain serious injuries more thoroughly described below;

   b. By creating an unsafe condition to exist on the property thereby causing the Plaintiff, ESTELA MARTIN, to sustain serious injuries more thoroughly described below;

c. By failing to maintain the area where the accident occurred in a reasonably safe condition and negligently allowing Plaintiff to walk in a dangerous common area on its property.

d. By Failing to maintain and/or correct a defect which the Defendant, WALMART, knew or should have known existed;

e. By failing to warn or give Plaintiff notice of the above-described dangers, failing to repair or correct the unsafe condition, or otherwise prevent Plaintiff and/or other invitees from encountering the above-described dangerous condition;

f. The Defendant, its agents, servants or employees knew and/or should have known through the exercise of reasonable care, of the above-described dangerous condition yet failed to correct the same;

g. This condition existed for a sufficient length of time so that the Defendant should have been aware of this condition and taken appropriate measures to correct this danger or, in the alternative, the Defendant created the subject condition and allowed the same to exist for an unreasonable length of time;

h. By negligently and carelessly failing to warn that the unsafe condition existed in the area where Plaintiff was walking;

i. By failing to provide a safe cart storage area where customers, including Plaintiff, can safely obtain carts for use while shopping;

13. The Defendant knew or should have known due to existence of reasonable length of time for which an inspection could have been made, of the dangerous condition of the subject premises yet failed to take corrective or remedial action.

14. That as a direct, proximate and foreseeable result of the above-described negligence of the Defendant, WALMART, the Plaintiff, ESTELA MARTIN, was caused to fall and suffered the serious and permanent injuries and damages more fully described herein below:

    a. Past, present and future loss of earnings and earning capacity;

    b. Past, present and future physical and mental pain and suffering;

    c. Past, present and future aggravation of a pre-existing condition;

    d. Past, present and future medical and related expenses;

    e. Past, present and future shame, humiliation, scarring, disability, discomfort, disfigurement and the loss of the capacity for the enjoyment of life;

    f. Loss of capacity for the enjoyment of life, and;

    g. All other damages allowed by law.

15. The injuries and damages described above are permanent and/or continuing in their nature and the Plaintiff has suffered from the same in the past and will continue to suffer from the same in the future.

**WHEREFORE**, the Plaintiff, ESTELA MARTIN, by and through her undersigned counsel, sues the Defendant, WALMART, INC., for a sum in excess of Thirty Thousand ($30,000.00) Dollars, plus all other awards available under Florida law. **The Plaintiff seeks a trial by jury.**

**DATED** this January 28, 2021.

        **LAW OFFICE OF CARLOS O. GOMEZ, P.A.**
        *Counsel for Plaintiff*
        102 East 49th Street
        Hialeah, Florida 33013
        **Telephone:** (305) 698-3421
        **Facsimile:** (305) 698-1930
        **Primary E-mail:** cogomezpa@aol.com
        **Secondary E-mail:** sandor@cogomezlaw.com


**By**:   */s/Carlos O. Gomez*
      **CARLOS OMAR GOMEZ**
      **FBN:** 140554