UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ESTELA MARTIN,                        CASE NO.: 1:21-cv-20889

    Plaintiffs,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

**REMOVAL STATUS REPORT**

Defendant Wal-Mart Stores East, LP ("Defendant"), through undersigned counsel and pursuant to the Court's Notice of Court Practice in Removal Cases [D.E. 4], files its Removal Status Report and states the following in support thereof:

1. **A plain statement of the nature of the claim and any counterclaim, cross-claim or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought.**

On or about January 29, 2021, Plaintiff commenced this action by filing a Complaint against Walmart, Inc. in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. On February 10, 2021, Plaintiff filed an Amended Complaint naming the correct Defendant, Wal-Mart Stores East, LP. [D.E. 1-4].

Plaintiff alleges a claim for negligence against Defendant as a result of injuries she allegedly sustained on June 13, 2020 while on the property located at 15885 SW 88th Street, Miami, Florida. Specifically, Plaintiff alleges that she was "attempting to get a shopping cart in the area where the carts are stored for customer use. Ms. Martin pulled a shopping cart so as to separate it from the rest for her use. Ms. Martin could not separate the cart. Ms. Martin proceeded to pull harder on the handle of the cart and suddenly the cart became loose and her body went quickly backwards. As a result, Ms. Martin hit her head and body against a roll up garage door/door [sic] that was not properly opened." [D.E. 1.4]. Plaintiff alleges that Defendant breached its duty by (a)

CASE NO.: 1:21-cv-20889

negligently allowing an unsafe condition to exist, (b) creating an unsafe condition, (c) failing to maintain the area in a safe condition, (d) failing to correct a defect, (e) failing to warn or give Plaintiff notice , (f) failure to correct the dangerous condition, (g) allowing the dangerous condition to exist for an unreasonable length of time, (h) failing to warn of the unsafe condition and (i) failing to provide a safe cart storage area where customers can safely obtain carts. *Id.*

On February 17, 2021, Plaintiff sent undersigned counsel a demand letter which indicated that she suffered injuries to her head, neck and back. Based on Plaintiff's alleged injuries and medical bills incurred, Plaintiff offered to settle the claim for $150,000.00.  In addition to Plaintiff's alleged medical condition, Plaintiff's Amended Complaint alleges that Plaintiff's working ability is impaired, the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future. *Id.*

2. **A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third-party claim.**

The parties to this action are the Plaintiff Estela Martin and Defendant Wal-Mart Stores East, LP.  *See Notice of Removal* [D.E.1].

This action is properly removable to federal court because there is complete diversity within the parties and the amount in controversy exceeds $75,000.00.

(a) Diversity

Plaintiff is a resident of Miami-Dade County, Florida. Wal-Mart Stores East, LP, is a Delaware limited partnership. *Id*.

(b) Amount in Controversy

Plaintiff's February 17, 2021 pre-suit demand letter estimates damages in the instant matter to be at least $150,000.00. *Id*.

3. **A list of all pending motions.**

There are no motions.

CASE NO.: 1:21-cv-20889

4. **A brief statement by each Defendant explaining whether or not each has joined in or consented to the notice of removal.**

Defendant Wal-Mart Stores East, LP is the only Defendant named in the Amended Complaint and was served in this lawsuit. *See Notice of Removal* [D.E. 1] *and Amended Complaint* [D.E. 1-5].

5. **A statement regarding whether the Defendant has removed the action within 30 days after the receipt by the Defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.**

The Notice of Removal was filed within 30 days of service of the Summons and Complaint on Defendant. *See Notice of Removal* [D.E. 1]. Defendant was served with the Summons and Complaint on February 4, 2021 and the Notice of Removal was filed on March 5, 2021.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:  */s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of March, 2021, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF and will send a notice of electronic filing to the following: **CARLOS OMAR GOMEZ** (COGOMEZPA@AOL.COM), LAW OFFICE OF CARLOS O GOMEZ PA *Attorneys for Plaintiff*, 102 EAST 49TH STREET, HIALEAH, FL, 33013.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO