UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-20889-CIV-MARTINEZ

ESTELA MARTIN,

 Plaintiff,

v.

WAL-MART STORES EAST, LP,

 Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment. (ECF No. 16). Defendant Wal-Mart Stores East, LP. ("Wal-Mart") moves for summary judgment on Plaintiff Estela Martin's negligence claim. Plaintiff opposes this Motion. (ECF No. 31). After careful consideration of the Motion, and the relevant portions of the record, the Court finds that the Motion is **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**[1]

 Plaintiff filed a single count complaint for negligence against retail store Wal-Mart, but she alleges two theories of negligence: (1) failure to warn, and (2) failure to maintain. (*See* Am. Compl., ECF No. 32–1). On June 13, 2020, Plaintiff hit her head and back against a half-opened roll up garage door when she attempted to retrieve a shopping cart from Wal-Mart's shopping cart area. (Def.'s Statement of Material Facts ("Def.'s SOMF") ¶ 2, ECF No. 17; Pl.'s Statement of Material Facts ("Pl.'s SOMF") ¶¶ 1–2, ECF No. 32). There were only two carts left in the shopping

---

[1] The facts recited in this section are undisputed unless stated otherwise.

1

cart area, which Plaintiff contends were stuck together, so she tried pulling them apart. (Martin Dep. at 31:11–22, ECF No. 32–2;[2] *see also* Martin Aff. ¶ 4, ECF No. 32-3). The parties dispute how much force Plaintiff applied when trying to separate the carts from each other. (Def's. SOMF ¶¶ 1–2; Pl.'s SOMF ¶¶ 1–2; *see also* Mot. Strike at 4–5, ECF No. 34). Plaintiff alleges that she "proceeded to pull harder on the handle of the cart" until the cart finally loosened. (Am. Compl. ¶ 6). In her affidavit in support of her response to the Motion, Plaintiff again states that she pulled the handle to the cart "with a bit more force in an effort to get it loose."[3] (Martin. Aff. ¶ 6). Wal-Mart points to Plaintiff's previous deposition testimony where she testified that she "us[ed] the same force that [she] always [uses] with any shopping cart[.]" (Martin Dep. at 99:25–100:4).

Regardless of the amount of force involved, as Plaintiff pulled on the shopping carts, the carts suddenly became loose "and her body went quickly backwards" causing her to hit her head, neck, trapezius, and her whole body against a "roll up garage door" that Plaintiff alleges was not properly opened. (Def.'s SOMF ¶ 2; *see* Martin Dep. at 47:7–14). Plaintiff states that upon hitting

---

[2] When citing to Plaintiff's deposition, the Court uses the page numbers auto generated by the CM/ECF filing system.

[3] Defendant moved to strike Plaintiff's affidavit as a sham affidavit. (ECF No. 34). "A district court may disregard an affidavit as a sham when a party to the suit files an affidavit that contradicts, without explanation, prior deposition testimony on a material fact." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 n.6 (11th Cir. 2012) (citing *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984)). In this Circuit, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue of with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Junkins*, 736 F.2d at 657. Thus, before disregarding an affidavit, the Court must find some inherent inconsistency between the affidavit and the deposition testimony. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987). With these principles in mind, the Court finds that the affidavit is not so inherently at odds with Plaintiff's deposition testimony that the court must disregard it as a matter of law. While the Court agrees that some statements in Plaintiff's affidavits are mere legal conclusions rather than statements of fact, the Court does not find it necessary to strike these portions of the affidavit because the legal conclusions do not change the outcome of the Court's analysis. Accordingly, Defendant's Motion to Strike, (ECF No. 34), is denied.

her head on the garage door, she felt a huge bruise and a burning sensation on her forehead. (Martin Dep. at 51:1–4; *see also* Pl.'s Resp. at 11, ECF No. 31). She suffered "contusions to her head," and "a big bump that was painful and burning at the time of the incident." (Pl.'s Resp. at 11).

Defendant moved for summary judgment arguing that the dangerous condition alleged by Plaintiff was open and obvious, and it therefore did not have a duty to warn Plaintiff of the allegedly dangerous condition and that it did not breach its duty to maintain its premises. It also contends that Plaintiff cannot prove causation because she failed to disclose any expert witnesses in compliance with Federal Rule of Civil Procedure 26.

## II. LEGAL STANDARD

Summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. *Id.* The moving party bears the burden of showing the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When the moving party has carried its burden, the party opposing summary judgment must do more than show that there is "metaphysical doubt" as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings and, by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, *designate specific facts showing that there is a genuine*

3

*issue for trial."* Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London Subscribing to Certificate No. 154766 Under Cont. No. B0621MASRSWV15BND, 766 F. App'x 795, 798 (11th Cir. 2019) (emphasis added) (quoting *Celotex Corp.*, 477 U.S. at 324). "The [C]ourt need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

At the summary judgment stage, courts must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988). That said, if the evidence advanced by the nonmoving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted). Moreover, "an inference based on speculation and conjecture is not reasonable." *Chapman*, 861 F.2d at 1518 (citing *Blackstone v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)).

## III. ANALYSIS

Defendant moves for summary judgment on Plaintiff's single negligence claim. In support, Defendant first argues that it did not owe Plaintiff a duty to warn her of the allegedly dangerous condition because the condition was open and obvious. Second, Defendant contends that it did not breach its duty to maintain the premises in a reasonably safe condition. For the following reasons, the Court finds that Defendant did not owe a duty to warn Plaintiff of the dangerous condition. However, the Court finds that a genuine issue of material fact exists as to whether Defendant breached its duty to maintain its premises and whether the injuries Plaintiff sustained were caused by the incident.

To prove negligence under Florida law,[4] Plaintiff must show: "(1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the defendant's breach was the cause of plaintiff's injuries, and (4) that the plaintiff suffered damages arising from the breach." *Morse v. Home Depot U.S.A., Inc.*, No. 18-cv-81011, 2019 WL 2008588, at *2 (S.D. Fla. Mar. 19, 2019) (citing *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 725 (11th Cir. 2014)).

Wal-Mart, as a business owner, owes invitees like Plaintiff two duties: (1) a duty to warn the invitee of concealed perils which are known or should be known to Wal-Mart, and which are unknown to the invitee and cannot be discovered by her through exercise of due care; and (2) a duty to use reasonable care in keeping and maintaining the premises in a reasonably safe condition. *Friedrich v. Fetterman & Associates, P.A.*, 137 So. 3d 362, 365 (Fla. 2013); *Jacques v. Wal-Mart Stores East, L.P.*, No. 18-60072, 2019 WL 7370964, at *2 (S.D. Fla. Oct. 17, 2019). Plaintiff alleges that Defendant breached both of these duties in her Amended Complaint.

### 1) *Dangerous Condition*

Before turning to the merits of the Motion, the Court is compelled to address the parties' dispute as to what constitutes the dangerous condition in this case. In her Amended Complaint, Plaintiff alleged that while attempting to separate two shopping carts, "she struck her head and body on an *improperly opened rolling doorway* where the shopping carts were stored for customer use." (Am. Compl. ¶ 10 (emphasis added)). By contrast, in her response to Defendant's Motion for Summary Judgment, Plaintiff argues for the first time that, "the main event that triggered [her] accident was the stuck together shopping carts and not the door." (Pl.'s Resp. at 5). Plaintiff further contends that "Wal-Mart knew or should have known that improperly maintained carts

---

[4] This Court sits in diversity over the instant matter, and the incident arose in Florida; therefore, Florida law applies. *See ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1299 (11th Cir. 2018) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

5

(damaged metal body and other defective or broken shopping cart constitution) would make carts 'stick together', [sic] 'get stuck' or otherwise make it difficult or challenging for customers to safely negotiate." (*Id.* at 4). Plaintiff essentially argues that the defective carts coupled with the garage door constituted the dangerous condition.

Plaintiff's attempt to shift her theory of negligence will not be considered because it is not properly before the Court. The Amended Complaint nowhere alleges that the stuck-together carts were defective or improperly maintained. Indeed, a party may not raise a new theory for the first time in response to a summary judgment motion. *See, e.g.*, *Cruz v. Advance Stores Co., Inc.*, 824 F. Supp. 2d 1356, 1360 (S.D. Fla. 2012) (citing *In re Andrx Corp., Inc.*, 296 F. Supp. 2d 1356, 1367 (S.D. Fla. 2003)); *Crayton v. Oceania Cruises, Inc.*, 600 F. Supp. 2d 1271, 1276 (S.D. Fla. 2009). Plaintiff is not permitted to amend her complaint through her opposition to summary judgment. *See, e.g.*, *Cruz*, 824 F. Supp. 2d at 1360. Rather, the proper procedure is for a plaintiff to amend her complaint and she may not do so "through argument in a brief opposing summary judgment." *A&E Adventures LLC v. Intercard, Inc.*, 529 F. Supp. 3d 1333, 1355 (S.D. Fla. 2021) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). As such, the Court will only consider the garage door as the purported dangerous condition.

   2) *Failure to Warn*

Defendant contends that it did not owe a duty to warn Plaintiff of the garage door (and its height) because the door is an open and obvious condition. The Court agrees.

Where a condition is "so open and obvious, so common and so ordinarily innocuous," the condition does not constitute "a hidden dangerous condition as a matter of law." *Porfilio v. United States*, No. 16-21763, 2017 WL 7796061, at *2 (S.D. Fla. Oct. 20, 2017) (citing *Circle K Convenience Stores, Inc. v. Ferguson*, 556 So. 2d 1207, 1208 (Fla. 5th DCA 1990)). Even where the condition is inherently dangerous, an invitee may be reasonably expected to discover open and

6

obvious conditions and protect herself from them by use of her own ordinary senses. *Morse*, 2019 WL 2008588 at *2; *Aventura Mall Venture v. Olson*, 561 So. 2d 319, 320 (Fla. 3d DCA 1990).

Here, the garage door was an open and obvious condition. There is no dispute that the garage door was not hidden from Plaintiff's view, that the area was brightly illuminated, and that there was nothing blocking the garage door. (Def.'s SOMF ¶¶ 6–7). Further, Plaintiff shopped at this Wal-Mart store every two months, and the garage door had been in the same place during her prior visits. (Martin Dep. at 18:25–19:4, ECF No. 17-2). The record is clear that Plaintiff would have seen the garage door had she been paying attention. Indeed, Plaintiff testified that the carts she was trying to pull apart were "up against the door" and almost "touching the door[.]" (*Id.* at 4–17). She also testified that during her prior visits she had "probably" seen the garage door, but she had never paid attention to it. (*Id.* at 58:25–60:17). Thus, Defendant was entitled to assume that Plaintiff would use her ordinary senses to see the garage door that was obvious to her. *Aventura Mall Venture*, 561 So. 2d at 320 (quoting *Crawford v. Miller*, 542 So. 2d 1050, 1051 (Fla. 3d DCA 1989)); *Blakely v. Wal-Mart Stores East, LP*, No. 3:14cv34, 2015 WL 4529616, at *3 (N.D. Fla. July 27, 2015); *Ramsey v. Home Depot U.S.A., Inc.*, 124 So. 3d 415, 417 (Fla. 1st DCA 2013); *see also Pope v. Target Corp.*, 226 F. App'x 878, 879 (11th Cir. 2007) (affirming district court grant of summary judgment and finding that clothing rack was open and obvious because plaintiff could have avoided tripping over it).

Plaintiff has failed to present any evidence that dictates a different result. She has not presented "[e]vidence of the occurrence . . . of prior accidents" to prove that Defendant should have anticipated harm to its invitees despite the obviousness of the condition. *Wolf v. Sam's E., Inc.*, 132 So. 3d 305, 307 (Fla. 4th DCA 2014) (quoting *Williams v. Madden*, 588 So. 2d 41, 43 (Fla. 1st DCA 1991)). Quite the contrary, Plaintiff testified that during her prior visits to the store,

she had never seen anyone get injured in the shopping cart bay. (Martin Dep. at 18:3–20). Nor does Plaintiff point to any violation of industry standards or the applicable ADA guidelines. *See Thorpe v. BJ's Restaurants, Inc.*, 287 F. Supp. 3d 1332, 1337 (M.D. Fla. 2017).

On this record, no reasonable jury could find in Plaintiff's favor on this issue.[5] The Motion is therefore granted in part as to Plaintiff's failure to warn claim.

### 3) *Failure to Maintain*

Next, Defendant argues that it did not breach its duty to maintain its premises because the condition was so open and obvious that it could not have constituted a dangerous condition. As mentioned, a landowner owes a business invitee two duties: (1) to maintain the premises in a reasonably safe condition, and (2) to give warning of concealed perils. *De Cruz-Haymer v. Festival Food Mkt., Inc.*, 117 So. 3d 885, 888 (Fla. 4th DCA 2013) (citing *Burton v. MDC PGA Plaza Corp.*, 78 So. 3d 732, 734 (Fla. 4th DCA 2012)). While the open and obvious nature of a hazard may discharge a landowner's duty to warn, it generally does not discharge the landowner's duty to maintain the premises in a reasonably safe condition. *Id.*; *Ramsey*, 124 So. 3d at 417 (citing *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 576–77 (Fla. 5th DCA 2005)). "When an injured party alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and

---

[5] Even if the Court considered Plaintiff's new theory that the carts, coupled with the garage door, created a dangerous condition, the Motion would be granted because "[i]t was neither probable nor foreseeable that someone would injure themselves in this manner." *See Miranda v. Home Depot, Inc.*, 604 So. 2d 1237, 1239 (Fla. 3d DCA 1992). There is no evidence on the record that Defendant could have reasonably anticipated that Plaintiff, in trying to pull apart two carts, would pull the carts with such force that when the carts became loose, her body would be sent quickly backwards causing her to hit her head and body against the garage door in the shopping cart bay. Like in *Miranda* and *Velez*, Plaintiff took it upon herself to try to pull apart the wedged together carts, instead of "seek[ing] employee assistance, thus engaging in risky behavior." *Velez v. Home Depot USA, Inc.*, No. 13-81306, 2015 WL 11256563, at *2 (S.D. Fla. Mar. 12, 2015). Accordingly, summary judgement would also be warranted.

whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact that it was open and obvious." *De Cruz-Haymer*, 117 So. 3d at 888 (quoting *Aaron*, 908 So. 2d at 576–77. Additionally, "when the failure to maintain premises is alleged, the obvious nature of the danger creates an issue of fact regarding the plaintiff's own comparative negligence." *Id.* (citing *Burton*, 78 So. 3d at 735; *Fieldhouse v. Tam Inv. Co.*, 959 So. 2d 1214, 1216 (Fla. 4th DCA 2007)).

The Court finds that there is a genuine issue of material fact as to whether Defendant failed to maintain the roll-up garage door in the shopping cart area. Plaintiff's deposition is unclear as to whether the garage door was halfway opened or more than halfway opened. (*Compare* Martin Dep. at 45:4:7). Plaintiff's testimony is contradictory as to which parts of her body hit the garage door and whether the garage door was sufficiently open for Plaintiff to walk through it or whether only a shopping cart could fit through it. (*Id.* at 47:5–48:2). Regardless, the rolling garage door was lowered just enough that Plaintiff was able to hit, at the very least, her head. Drawing all inferences in the light most favorable to Plaintiff and resolving all reasonable doubts in her favor, the Court finds that Plaintiff's testimony creates a genuine issue of material fact regarding whether Defendant should have expected that invitees were likely to hit the half-opened roll up garage door in the shopping cart area. Therefore, the Motion for Summary Judgment is denied on this issue.

### 4) *Causation*

Finally, Defendant contends that Plaintiff cannot establish proximate causation because she failed to present expert testimony and she failed to disclose any expert pursuant to Federal Rule of Civil Procedure 26. The Court disagrees.

Expert testimony as to medical causation is typically necessary when the causal link between a plaintiff's alleged injuries and the incident at issue is not readily apparent to a lay person. *Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017) (citing *Allison v.*

9

*McGhan Med. Corp.*, 184 F.3d 1300, 1320 (11th Cir. 1999)); *Kellner v. NCL (Bah.), Ltd.*, No 15-23002-CIV, 2016 WL 4440510, at *1 (S.D. Fla. Aug. 22, 2016). This expert testimony must be based on a reliable methodology and satisfy the requirements of *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 585 (1993). Examples of readily observable physical injuries include, but are not limited to, bruising, abrasions, and swelling. *See Mann v. Carnival Corp.*, 385 F. Supp. 3d 1278, 1286 (S.D. Fla. Apr. 22, 2019); *Aponte v. Royal Caribbean Cruises, Ltd.*, 2019 WL 943267, at *6 (S.D. Fla. Feb. 26, 2019).

Plaintiff contends that as a result of the incident she suffered "contusions to her head[,]" and that "she sustained a big bump that was painful and burning at the time of the accident." (Pl.'s Resp. at 11). The only evidence Plaintiff has put forth regarding these injuries is her testimony, but she asserts that her treating physicians are likely to be presented as witnesses at trial.[6] To the extent the aforementioned ailments are her only injuries, no expert testimony is necessary because they are readily observable injuries apparent to a lay person. *See Mann*, 385 F. Supp. 3d at 1286–87; *Aponte v. Royal Caribbean Cruises, Ltd*, 2019 WL 943267, at *6 (S.D. Fla. Feb. 26, 2019) ("Establishing a link between Aponte's immediate pain, need for a wheelchair and morphine, and incurring various expenses, on the one hand, and the fall, on the other, does not appear to be beyond a factfinder's common knowledge and experience, depending on other evidence Aponte might present at trial."). Because Plaintiff has presented evidence of causation, a genuine issue of material fact exists on this issue.

---

[6] At this time, the Court declines to rule on whether Plaintiff's treating physicians can testify at trial. The Court reserves this ruling for its decision on the pending motions *in limine* which raise this issue.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART** as stated herein. Defendant's Motion to Strike, (ECF No. 34), is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida 26 day of May, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Becerra
All counsel of record